IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GREGORY ALDOPH,**

    **Petitioner,**

**v.**                                                   **No. CIV 99-0197 JP/JHG**

**REED SMITH, WARDEN, et al.,**

    **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.    Petitioner (Aldoph) filed this habeas corpus action pursuant to 28 U.S.C. § 2254. Aldoph attacks the Judgment and Sentence imposed in the case styled *State of New Mexico v. Gregory Aldoph*, No. CR 97-00785, Second Judicial District, County of Bernalillo, State of New Mexico.

2.    On May 5, 1998, the state district judge sentenced Aldoph to a term of imprisonment of two and one half (2 ½) years. Answer, Ex. A. The state district judge

originally sentenced Aldoph on April 9, 1998, to one year in jail based upon a mandatory one year habitual sentence. Answer, Ex. E. Pursuant to the April 14, 1998 Repeat Offender Plea and Disposition Agreement, Aldoph agreed to plead guilty to the charge of Escape from Jail, a fourth degree felony committed on August 8, 1998. Answer, Ex. B. The maximum sentence Aldoph was facing in the plea was from 1 to 2 ½ years, 1 year for being a habitual offender and 18 months for the Escape from Jail charge. *Id.* Pursuant to the plea agreement, the Escape from Jail charge was suspended. *Id.*

On April 9, 1998, the state district judge also granted Aldoph a 48 hour furlough from jail to attend to business matters before commencing his sentence. Answer, Ex. E. However, the state district judge cautioned Aldoph that if he failed to return to jail as he ordered, he would revoke Aldoph's original sentence and order Aldoph to serve the maximum 2 ½ years. *Id.* Aldoph failed to return to jail as the state district judge ordered. *Id.* The state district judge issued a bench warrant. *Id.* On May 4, 1998, Aldoph was arrested. *Id.* Because Aldoph did not return to jail as ordered, the state district judge sentenced him to 2 ½ years. *Id.*

On June 19, 1998, Aldoph filed a motion to vacate, set aside or correct illegal sentence. Answer, Ex. C. On June 25, 1998, Aldoph filed a motion to amend judgment and sentence Answer, Ex. D. The district judge denied these motions. Answer, Ex. F. On October 7, 1998, Aldoph filed a state Petition for a Writ of Habeas Corpus. Answer, Ex. G. On October 20, 1998, the state district judge denied Aldoph's Petition for Writ of Habeas Corpus. Answer, Ex. H. The New Mexico Supreme Court denied Aldoph's petition for a writ of certiorari on December 7, 1998. Answer, Exhibit J. This action followed.

3. Respondent concedes, and this Court finds, that Aldoph meets the exhaustion requirements under the law. Aldoph raises the following issues in his brief:

    **I.    Whether petitioner was denied his right to the effective assistance of counsel.**

    **II.    Petitioner was not given notice of the grand jury indictment charging him with Escape from Jail.**

    **III.    The State failed to arraign him within the allowed time.**

4. Aldoph contends his attorney was ineffective because he failed to raise claims of "apparent mereit (sic)" and failed to defend him in any way.

7. In order to establish ineffective assistance of counsel, Aldoph must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

8. Effective assistance of counsel does not equate to "victorious or flawless assistance." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994). With respect to the performance element, review of counsel's performance is highly deferential. *Id.* With respect to the prejudice element, a reasonable probability that the result would have been different equates to a sufficient probability to undermine confidence in the outcome. *Id.* Since Aldoph has the burden of establishing both prongs of *Strickland*, this Court may dispose of his claims of ineffective assistance of counsel on lack of prejudice alone. *Hatch v. Oklahoma*, 58 F.2d 1447, 1457 (10th Cir. 1995); *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995). Therefore, Aldoph must demonstrate his attorney did not provide reasonably effective assistance and there is

3

a reasonable probability that, but for counsel's errors, the result would have been different. *Laycock v. State of New Mexico,* 880 F.2d 1184, 1187 (10th Cir. 1989)**.**

9. Aldoph claims his attorney was ineffective because he failed to "raise claims of apparent mereit (sic)." However, besides this conclusory statement, Aldoph offers no evidence to support this claim. Aldoph must, in relation to his claim of ineffective assistance of counsel, show two facts (not merely conclusory allegations): (1) that his attorney's representation fell below an objective standard of reasonableness; and (2) that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See Strickland v. United States*, 466 U.S. 668, 687 (1984). Aldoph has failed to make either showing. Accordingly, the Court finds this claim to be without merit. *See Ashberry v. Hargett,* No. 98-6052, 1998 WL 327882, at * 1 (10th Cir. June 22, 1998)(unpublished disposition)(conclusory allegations insufficient for granting certificate of appealability on ineffective assistance of counsel); *Jones v. Ferguson*, No. 98-8029, 1998 WL 886786, at *2 (10th Cir. Dec. 21, 1998)(unpublished disposition)(conclusory allegations and completely lacking in any supporting factual allegations insufficient to grant relief under 28 U.S.C. § 2254).

10. Aldoph also argues (1) the State failed to give him notice of the grand jury indictment charging him with Escape from Jail and (2) the State failed to timely arraign him. A defendant who has pled guilty, like the petitioner in this case, waives all non-jurisdictional challenges to his conviction and may thereafter challenge on a petition for a writ of habeas corpus only the voluntary and intelligent nature of his plea. *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994). In this case, Aldoph does not challenge the voluntariness of his plea. Accordingly, Aldoph has waived any challenge to these claims.

## **RECOMMENDED DISPOSITION**

The Petition for a Writ of Habeas Corpus should be denied.

                                        **JOE H. GALVAN**
                                        **UNITED STATES MAGISTRATE JUDGE**